**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1450
_____

UNITED STATES OF AMERICA

v.

ANGEL RODRIGUEZ,
                          Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2-18-cr-00086-001)
District Judge: Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 7, 2023

Before: RESTREPO, BIBAS, and SCIRICA, *Circuit Judges*

(Filed: February 13, 2024)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SCIRICA, *Circuit Judge*.

Following an unsuccessful motion to suppress, defendant Angel Rodriguez pleaded guilty to possession of fentanyl and heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). As a condition of his plea, defendant preserved his right to appeal the denial of his suppression motion. For the reasons discussed, we will affirm.

## I.

Because we write principally for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts necessary to our analysis.

On September 17, 2019, defendant moved to suppress evidence of drugs and firearms recovered from a search of his home on January 23, 2018. At the suppression hearing, the Government's witness—Detective Mark Zimmerman—testified that he and other officers arrived at defendant's house with an arrest warrant for defendant's cousin. The officers knocked at the door and waited several minutes before going around to the back door where they were eventually met by Alexander Rodriguez—defendant's brother. Zimmerman explained that he had an arrest warrant for Alexander's cousin, whom Zimmerman believed to be living in the house. After Alexander denied that his cousin was there, Zimmerman asked to "check . . . to make sure that [he] was not there, and [Alexander] said that was fine." Appx. 63. According to Zimmerman, the entire conversation lasted a minute or two, everyone spoke in conversational tones, and at no

2

point did Zimmerman or any other officer brandish a weapon or make any kind of threat.

Only upon entering the house did the officers "sound off" and draw their weapons. *Id.* at 65-66. Zimmerman further testified that after spotting an open backpack containing digital scales and hundreds of new, unused plastic baggies, he brought the drug paraphernalia to the attention of defendant, Alexander, and Kashmere Kidd (Alexander's girlfriend), mirandized them, provided them with consent-to-search forms, and read the forms aloud before each occupant signed the form. The forms stated, *inter alia*, "[t]his written permission to search without a search warrant is given by me voluntarily and without any threats or any promises of any kind." *Id.* at 71, 167-68.

Alexander and Kidd, on the other hand, testified that when Alexander first came to the door, the officers drew and pointed their weapons at him and screamed at him to step outside. They further testified that Alexander never gave permission for the initial search. And Alexander claimed that, prior to signing the consent-to-search form, he was placed in handcuffs and told he would be taken to jail if he did not sign. Nor was the form ever read aloud or explained to him.

Following the hearing, the District Court denied defendant's motion to suppress, finding "by a preponderance of the evidence, that . . . Alexander Rodriguez[] consented to a search of the premises; and that the police did not exceed the scope of that consent," that "[t]hereafter, all three occupants signed a consent to search form," and so "[n]o Fourth Amendment violation has been shown." *Id.* at 1. Defendant subsequently pleaded guilty to both counts in the indictment. As a condition of his guilty plea, defendant retained the right to directly appeal the denial of his motion to suppress. This timely appeal followed.

3

II.[1]

We review a denial of a motion to suppress under a mixed standard—clear error for factual findings and plenary review for legal determinations. *United States v. Green*, 897 F.3d 173, 178 (3d Cir. 2018). Under this standard, we are particularly "deferential with respect to determinations about the credibility of witnesses." *United States v. Igbonwa*, 120 F.3d 437, 441 (3d Cir. 1997).

The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. amend. IV. In general, a search of a home conducted without a valid warrant will violate the Fourth Amendment. *Kyllo v. United States*, 533 U.S. 27, 31 (2001). But a clearly recognized exception exists where an occupant with the requisite authority voluntarily consents to the search. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *Katz v. United States*, 389 U.S. 347, 358 n.22 (1967). Whether consent was voluntary depends on the totality of the circumstances, but fundamental to the concept of voluntariness is that valid consent must not be coerced. *Schneckloth*, 412 U.S. at 226, 228.

This case boils down to a tale of two stories. Detective Zimmerman's version of events indicates that Alexander's consent was voluntary and uncoerced, whereas Alexander and Kidd's versions of events would indicate the opposite. Thus, defendant argues "[t]he District Court's wholesale crediting of police testimony was clearly erroneous." Appellant Br. 27 (emphasis omitted).

But "[c]redibility determinations are the unique province of a fact finder." *United*

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

*States v. Kole*, 164 F.3d 164, 177 (3d Cir. 1998); *see also United States v. Wise*, 515 F.3d 207, 214 (3d Cir. 2008) ("[I]t is not our role to weigh the credibility of the witnesses."). Indeed, "when a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *Anderson v. City of Bessemer*, 470 U.S. 564, 575 (1985). That is precisely the case here. Defendant has failed to present us with "any facts to support a 'definite and firm conviction that a mistake has been committed.'" *United States v. Murray*, 821 F.3d 386, 394 (3d Cir. 2016) (quoting *Anderson*, 470 U.S. at 574). Accordingly, we cannot say the District Court clearly erred by crediting Detective Zimmerman's testimony in finding Alexander validly consented to the initial search. It therefore did not err in denying defendant's motion to suppress.

III.

For the foregoing reasons, we will affirm.